# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE BACA,<br><br>            Plaintiff,<br><br>      v.<br><br>D. CHAMBERS, et al.,<br><br>            Defendants. | 1:13-cv-00471-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>FIFTEEN-DAY DEADLINE |

### I.      Screening Requirement and Standard

Plaintiff Pete Baca ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 1, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at High Desert State Prison in Susanville, California. The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison in Coalinga, California. Plaintiff names the following defendants: (1) Correctional Officer D. Chambers; (2) Correctional Officer E. Saldivar; (3) Correctional Officer E. Clark; (4) Correctional Officer K. Holt; (5) Correctional Officer A. Desfosses; (6) Correctional Officer F. Hand; (7) Correctional Officer S. Aceves; (8) Correctional Sergeant C. Sobbe; and (9) Correctional Lieutenant M. Wilson.

Plaintiff alleges as follows: On or about June 15, 2012, during evening medication release, Plaintiff was approached by Inmate Martin. Inmate Martin asked Plaintiff to come to the back of the medication line so that he could talk to him. Plaintiff went to the back of the line and Inmate Martin told Plaintiff that they were thinking of stabbing him. When Plaintiff was told this, he began to fight with Inmate Martin and then another inmate got involved. Plaintiff was

defending himself against two inmates. Plaintiff knew that there had been numerous stabbings and slicings on the medication line and he was taking no chances.

The inmates were ordered to get down on the yard, but Plaintiff could not get down because he was still defending himself against two inmates. Plaintiff continued to defend himself and was sprayed with O.C. pepper spray. One of the inmates quit, but Inmate Martin kept fighting with Plaintiff. Each time Plaintiff would stop and attempt to move away, Inmate Martin would continue to strike Plaintiff.

After being pepper sprayed, Defendant Chambers came from behind and hit Plaintiff on his right forearm. He continued to strike Plaintiff, breaking his arm. Defendant Chambers then hit Plaintiff on the right hip, chipping his hip bone and requiring stitches.

Plaintiff then was cuffed up and taken to C.T.C. due the seriousness of his injuries. Plaintiff was issued a RVR 115 for fighting and was allowed to view the videotape of the fight. Plaintiff claims that there were two different videos, one of which was cut and spliced, showing that Defendant Chambers snuck up on Plaintiff from behind until Plaintiff brought his hand out away from his body and then Defendant Chambers struck him on the right forearm continually and then struck Plaintiff on the right hip.

Plaintiff alleges that during the time that Defendant Chambers used force, Defendants Saldivar, Clark, Holt, Hand, Desfosses, Aceves and Chambers were participating in an underground policy of allowing inmates to fight by a slow response that they call forming a skirmish line around the fighting inmates. The policy allows the inmates to fight as long as possible while the officers get to watch as bystanders. None of the defendants stopped Defendant D. Chambers from sneaking up on Plaintiff and breaking his arm and hip.

Plaintiff claims that Defendants ratified Defendant Chambers' action and falsified incident reports to cover up the excessive use of force and the slow response. Plaintiff also believes that Defendant Chambers has used excessive force on other inmates and broken their arms.

Plaintiff further alleges that Defendants Wilson and Sobbe ratified and approved the skirmish line policy and use of excessive force by Defendant Chambers because they signed off

3

1  on the incident package containing the false reports and reviewed the video that conflicted with
2  the report.

3  Plaintiff asserts that he filed a staff complaint against Defendant Chambers. Although it
4  was claimed that an investigation was done and Defendant Chambers did not violate institutional
5  policy, Plaintiff believes that they refused to investigate the incident. Plaintiff also believes that
6  supervisors at the prison maintain an inadequate system of review for incidents of alleged
7  excessive force. These deficiencies include preparing incident reports that are designed to
8  vindicate the use of excessive force and hide the policy of a slow response, preparing incident
9  reports that rely solely on the word of peace officers involved and fail to credit testimony by
10 non-peace officer witnesses and video recordings, and failing to review incident reports for
11 accuracy and completeness.

12 Plaintiff asserts a single claim for excessive force against Defendant Chambers. (ECF
13 No. 1, p. 5.) Plaintiff seeks compensatory and punitive damages, along with prospective relief.

**III.    Discussion**

**A.  Eighth Amendment – Excessive Force**

Plaintiff alleges that Defendant Chambers used excessive force during Plaintiff's fight with two other inmates. The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). The relevant inquiry for this claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7; Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). In making this determination, the court may evaluate "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir.2003).

Viewed in the light most favorable to Plaintiff, his allegations do not support a plausible Eighth Amendment claim for the use of excessive physical force by Defendant Chambers, as the use of force was not malicious and sadistic under the circumstances described. To the contrary,

4

1   the incident arose out of Plaintiff's decision to fight another inmate and his failure to comply
2   with orders or other lesser uses of force.  Indeed, Plaintiff admits that he initiated a fight with
3   Inmate Martin and, even after being ordered down and subsequently pepper sprayed, he
4   continued to fight with another inmate on the medication release line.  The circumstances clearly
5   required the use of physical force by Defendant Chambers to stop an ongoing fight between
6   inmates after pepper spray was not effective.  At best, Plaintiff has alleged that he suffered an
7   injury as a result of Defendant Chambers' efforts to restore discipline, which is not sufficient to
8   state a cognizable excessive force claim.  See, e.g., Lopez v. Vindiola, 2010 WL 1879111, *2
9   (N.D. Cal. May 10, 2010) (allegations that pepper spray was used to stop an ongoing fight
10  between two inmates did not state an Eighth Amendment excessive force claim).  The Court
11  finds that this defect cannot be cured by amendment.

    B.  **Eighth Amendment – Failure to Intervene**

13  Plaintiff alleges that Defendants Saldivar, Clark, Holt, Hand, Desfosses, Aceves and
14  Chambers formed a skirmish line and were slow to respond to the fight.
15  The Eighth Amendment protects prisoners from inhumane methods of punishment and
16  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
17  2006).  Although prison conditions may be restrictive and harsh, prison officials must provide
18  prisoners with food, clothing, shelter, medical care, and personal safety.  Farmer v. Brennan, 511
19  U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison
20  officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer,
21  511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison
22  officials to protect inmates from attacks by other inmates may rise to the level of an Eighth
23  Amendment violation where prison officials know of and disregard a substantial risk of serious
24  harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.
25  In this instance, Plaintiff has not stated a viable claim that Defendants Saldivar, Clark,
26  Holt, Hand, Desfosses, Aceves and Chambers failed to protect him from an attack by other
27  inmates.  Instead, Plaintiff admits that he instigated the attack on Inmate Martin and he did not
28  stop his attack even after an order to get down and the use of pepper spray.  In short, Plaintiff has

not alleged that Defendants Saldivar, Clark, Holt, Hand, Desfosses, Aceves and Chambers knew of and disregarded a substantial risk of serious harm to Plaintiff by another inmate. This deficiency cannot be cured by amendment.

Plaintiff also alleges that Defendants Saldivar, Clark, Holt, Hand, Desfosses, and Aceves failed to stop Defendant Chambers from sneaking up on Plaintiff and breaking his arm and hip. A prison official can violate a prisoner's Eighth Amendment rights by failing to intervene. Robins v. Meechum, 60 F.3d 1436, 1442 (9th Cir. 1995). Here, however, Plaintiff has not alleged a viable excessive force claim against Defendant Chambers. As a result, Plaintiff cannot support a failure to intervene claim against Defendants Saldivar, Clark, Holt, Hand, Desfosses and Aceves. This defect cannot be cured by amendment.

**C. Supervisory Liability**

Insofar as Plaintiff brings suit against Defendants Wilson and Sobbe based on their role as supervisors signing off on incident reports, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff does not allege that Defendants Wilson and Sobbe are liable based on their personal participation in any constitutional violation. There is no causal connection between the

actions of Defendants Wilson and Sobbe to the injuries alleged by Plaintiff and reportedly inflicted by Defendant Chambers.

Further, although Plaintiff alleges a slow response "policy" known as a skirmish line, Plaintiff has alleged that this was an underground policy involving correctional officers, not Defendants Wilson and Sobbe. However, even if the skirmish line was a deficient policy implemented by Defendants Wilson and Sobbe, Plaintiff has failed to establish that such a policy was the moving force behind any constitutional violation. As noted above, Plaintiff instigated the fight with Inmate Martin and failed to respond to orders and the use of pepper spray. Plaintiff was injured only after Defendant Chambers was required to use physical force to restore discipline and order. The deficiencies in this claim cannot be cured by amendment.

### IV.  Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court does not find that leave to amend is warranted. The Court is mindful that leave to amend should be granted "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation omitted). In this instance, however, Plaintiff's factual allegations are comprehensive and the underlying incident itself does not rise to the level of a constitutional violation. For Plaintiff to cure the deficiencies identified and state a cognizable claim, Plaintiff would have to allege facts that directly contradict those currently set forth in his complaint.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **April 22, 2014**              /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE